The second count laid the demise to John Doe, the nominal (557) plaintiff, on the 1st day of February, 1801, to hold from the 31st of January then last past, the term of twenty years. And thus proceeded, "by virtue of which demise the said John Doe entered into the tenement and land last aforesaid, with the appurtenances, and was thereof possessed, until the said Richard Roe afterwards, to wit, on *Page 469 
the first day of January, in the year last aforesaid, with force and arms, entered into the same tenement and land with the appurtenances, in and upon the possession of the said John Doe and his from his said farm (his term therein being not yet expired), ejected, expelled, and removed, and the said John Doe being so ejected, expelled, and removed, the said Richard Doe hath withheld from him, and still doth withhold from him the possession thereof."
The objection taken by the defendant's counsel was that the ouster was laid before the commencement of the term.
The objection in this case ought to be considered by the Court as if taken by way of reasons in arrest of judgment, and not as an objection to the plaintiff's title or the sufficiency of his evidence. For it is not the province of the jury to judge of the regularity and sufficiency of the pleadings, but of the Court. And, therefore, as the plaintiff title was proved, the jury ought to have given him a general verdict, without paying any attention to the objection, which could not be regularly urged in any other manner but in arrest of judgment. The jury were, in fact, sworn to try the title of Joseph Brown, and not whether Joseph Brown made the lease to John Doe stated in the declaration, and whether he entered, etc., and Richard Roe ousted him, etc.; consequently, it was improper for them to render a verdict subject to the opinion of the Court on those questions, they being not at all involved in the inquiry before them. Hay., 501, 330. A practice of subjecting verdicts to the sufficiency of pleadings would indirectly repeal most of the statutes of *Page 470 
jeofail, and if it should prevail in this case, would deprive the plaintiff of the benefit of those statutes.
It is not necessary for the plaintiff expressly to mention the day of the ouster, provided it appears to be after the commencement of the term and before the action was brought. Runn., 216; Cro. Jac., 311.
If the plaintiff expressly lays the ouster before the commencement of the term, or at a time not arrived, or at a time in any other manner impossible or repugnant, or states the terms in such a manner as that it appears to have expired before the commencement of the action, or before the verdict, the defect may be amended before the trial, and is cured by a general verdict. Runn., 216; Esp., 445; Bul., 106; 2 Bur., 1159, 1162; 4 Bur., 2414; Cro. Jac., 96, 154, 426, 428, 311; Hay. Rep., 501.
The plaintiff, by his declaration, alleges that he, by virtue of the demise, entered on the premises, and was thereof possessed until the said R. R. afterwards entered into the same tenement, upon the possession of the plaintiff and ejected, expelled, and removed him from his said farm; and that the plaintiff, being so ejected, and removed, the said Richard Roe hath hitherto withheld from him, and still doth withhold from him the possession thereof. it is possible that any man who has the smallest knowledge of the English language, and who is in the enjoyment of a single ray of reason, can read this allegation without deciding in an instant that the plaintiff entered after the demise, and was ousted before he brought his action; and that the first day of January was inserted by mistake instead of the first day of February? That day is repugnant to all the rest of the declaration, and must be rejected, the count being good without mentioning the day of the ouster.
The objections to the second count arise on the laying the ouster, viz: (1) If the day and month laid under the scilicet is to have any effect *Page 471 
then the ouster is laid before the commencement of the lease, and a month before the plaintiff confessedly had any title. (2) If that day and month, viz., 1st day of January, be rejected, then the ouster is not expressly laid before the action brought, which is as necessary, according to the rule, as that it should appear to have been after the term commenced.
The general rule of law in declarations in all actions, required that all substantial facts should be laid in proper time and place. 1 Ba. Ab., 102. But I admit that it has been held in Cro. Jac., 311, that the day of the ouster is not necessary to be mentioned; but then I contend that it must in some other manner appear, from the month or year, that it was committed before an action was brought; that in all those cases the decision has been either in arrest of judgment after verdict or in error. This clearly appears to have been the opinion of the Court in the same authorities. Time is never wholly dispensed with, but some part of it must be inserted in the declaration to show that the ouster complained of was committed before the bringing of the action. Thus, if the ouster be laid in such a year, without naming the month or day, it is good after verdict, if the action appears to be brought in some subsequent year, as in the case ofMerrell v. Smith, Cro. Jac., 311, where the ouster was laid the 6th of James, and the action brought the 7th of James; but if, as in the present case, the ouster had been laid, and the action brought in the same year, and there had been no month or day of the ouster mentioned, then the ouster would not have appeared before the commencement of the action, and it would have been bad, as plainly appears from that case; for the Court there held that the ejectment, being made between the making the lease and the bringing the action, was good enough, although there be not any day alleged. So, in Adams v. Goose, Cro. Ja., 98, a case like the present, on the ouster being laid under a scilicet before the commencement of the term, the day under the scilicet was rejected as being repugnant to the wordpostea; and although the day of the ouster was rejected, and so no day laid, yet it was held good after verdict on motion in arrest of judgment, because the commencement of the action appeared of record, and the month and year of the ouster were expressed, viz., September 2, Ja. 1, and the action was brought March 3, Ja. 1, it was therefore expressed to be before action brought, and so good. And so, in Jesmond v. Johnston, where, in trover, the conversion was lid postea, viz., 1 May, 14 Ja. 1, and the possession the 3d May in the same year, and held good, the action appearing to have been brought before. In the present case, the ouster and commencement of the action were in the same year. The action was commenced early in the year, and the time of the year in which the ouster was committed does not appear. *Page 472 
It was argued that, as the declaration alleges the ouster as a fact in the perfect time, it must be presumed before the action brought. The rule I have shown negatives all presumption. The presumption and rule cannot stand together. A day and time is necessary in all actions; and particularly inassumpsit, the time of the promise; in trover, of the conversion; and in ejectment, of the lease. 1 Com. Dig., 331; Cro. Eli., 96; Plow., 24. And that, if not time be laid but after a verdict, and that be rejected, it is bad. 5 Com. Dig., 332, 333.
It is to be remarked that the question before the Court is before it as on demurrer. There is no verdict for the plaintiff to cure any ambiguity. The verdict depends on the decision of the question; if the second count be good, then it is for the plaintiff, but if bad, then for the defendant. The objection was taken at the trial as early as the defendant could. She could no demur in ejectment. Runn., 71; 3 Bl. Com., 202. And that such objections would prevail on demurrer. 5 Com. Dig., 331, 332, 333; Cro. Eli., 37; Plow., 14.
Haywood. Mr. Williams insists that the case ought to be considered as upon special demurrer, because the defendant took the exception at the earliest state of the proceeding in her power, and because a defendant cannot demur in ejectment; yet he says that such an objection would be good upon demurrer. This argument is completely felo de se, for if the objection would in this action be fatal, the courts would permit the defendant to demur. But the courts, always averse to objections which destroy the action without deciding the merits of the case, and having the tenant in possession in their power, will not permit him to take such an objection, even at the first stage of the cause, but will compel him to enter into the common rule, and thereby oblige him to try the merits of the case only. How absurd would it then be to allow the objection to be taken at the time and in the manner now attempted! The Court will consider the whole record, and if it contains sufficient matter, will give judgment for the plaintiff, notwithstanding any irregularity in entering the verdict, or subjecting it to a question arising merely in the regularity of the pleadings. The case, therefore, stands as upon a general verdict, and reasons in arrest of judgment; consequently, according to the cases cited, judgment ought to be given for the plaintiff.
It appears to us that it may be taken that the ejectment took place between the time of the ouster laid and the time of the commencement of the action. If so, the declaration is sufficiently certain to enable the plaintiff to recover, for it is not necessary that it should be stated that the ejectment was made on any particular day. Merrell v. Smith, Cro. Jac., 311. It is true, in that case, the year in which the ejectment was made is set forth; but it is said, without particular reference to that circumstance, that the ejectment being made between the *Page 473 
making of the lease and the commencement of the action, is good enough, although there be not any day certain alleged to examine this case by that rule. The demise is laid on the first day of February, 1801, and a possession under it is not stated until afterwards, to wit, on the first day of January last aforesaid, the ejectment took place. Upon the authority of the case of Adams v. Goose, Cro. Jac., 96. Buller, 106, the words "to wit, on the first day of January last aforesaid," being impossible and repugnant, should be rejected; if so, it will appeal clear (558) enough that the ejectment happened after the lease was made, and also after there was a possession under it. The declaration then states that "the said John Doe being so ejected, etc., the said R. R. hath hitherto withheld from him, and still doth withhold from him the possession thereof. "At what time is it supposed the declaration speaks this language? At the moment it had become an instrument in the hands of the law to have justice done to the plaintiff. If so, it must be understood to speak of an injury which has already been committed, and not of one which after that time might be committed. If, therefore, an action of ejectment was not the creature of the court, open to every equitable regulation of expediting the true justice of the case (contrary to what is expressed in the case of Lee v. Ellis, 2 Black. Rep., 940), and was it altogether unconnected with fiction, we should understand the declaration as stating a fact which had happened after the lease made, and before the action brought; and think the allegation of the trespass and ejectment sufficient. We are, therefore, of opinion that the plaintiff is entitled to judgment.
NOTE. — See Hogg v. Shaw, Post, 576.